**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

   v.                                                Case No. 22-cv-273-JL

Dennis O'Connor

**REPORT AND RECOMMENDATION**

Plaintiff Josephine Amatucci has filed a complaint (Doc. No. 1[1]) asserting that her attorney in a state court criminal trial violated her rights under the United States Constitution and state law. The matter is before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Standard of Review**

In conducting preliminary review of a pro se complaint under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson

---

[1] Mrs. Amatucci has numbered her complaint as #5394 and #5396.

v. Pardus, 551 U.S. 89, 94 (2007).  The court may dismiss claims asserted in a complaint filed by a pro se plaintiff if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

## Background

This action relates to a criminal prosecution against Mrs. Amatucci in state court.  The state trial court appointed Attorney Dennis O'Connor, a public defender, to represent Mrs. Amatucci in her criminal case.  Attorney O'Connor, at Mrs. Amatucci's request, served only as standby counsel, and appeared at her criminal trial in that capacity.  Mrs. Amatucci asserts that Attorney O'Connor, despite being present at her trial, failed to defend her, remained silent during her trial, and denied her the effective assistance of counsel to which she is entitled under the Sixth Amendment of the United States Constitution.  Mrs. Amatucci also asserts that Attorney O'Connor's conduct constituted legal malpractice, breach of contract, breach of fiduciary duty, and violated the Code of Professional Conduct.

**Discussion**

I.  Federal Constitutional Claims

Section 1983 provides a cause of action for damages for the deprivation of a federally secured right by a person "acting under the color of state law." Doucette v. Georgetown Pub. Sch., 936 F.3d 16, 23 (1st Cir. 2019).  In general, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981).  A public defender can be held to have engaged in state action for purposes of § 1983 only under limited circumstances, none of which are present here.  See Georgia v. McCollum, 505 U.S. 42, 54 (1992) (describing circumstances under which public defender could be deemed to be state actor for purposes of § 1983).

Stripped of legal conclusions, Mrs. Amatucci's filings fail to demonstrate that Attorney O'Connor was acting under color of state law at any time during his representation of her.  Accordingly, the District Judge should dismiss the federal constitutional claims Mrs. Amatucci asserted against him in this action.

II.  State Law Claims

Mrs. Amatucci has failed to state any federal claim upon

3

which relief might be granted against Attorney O'Connor. Accordingly, the District Judge should decline to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over Mrs. Amatucci's state law claims against Attorney O'Connor, and should dismiss those claims without prejudice to her ability to bring those matters in a suit in state court.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the federal constitutional claims asserted against Attorney O'Connor for failure to state a claim, and dismiss the state law claims asserted against Attorney O'Connor without prejudice to Mrs. Amatucci's ability to assert those claims in a suit brought in state court.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 27, 2022

cc: Josephine Amatucci, pro se

4